## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LEONARD ARMSTRONG and LORETHA J. ARMSTRONG,**

        **Plaintiff,**

**v.**                                        **Case No: 8:21-cv-2771-SCB-DAB**

**KNAUF GIPS KG, KNAUF PLASTERBOARD TIANJIN CO. LTD. and KNAUF NEW BUILDING SYSTEM (TIANJIN) CO. LTD.,**

        **Defendants.**

_____

### REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR SUMMARY JUDGMENT ON ISSUES PARTICULAR TO THIS CASE (Doc. 46)**
>
> **FILED:**     **June 13, 2022**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

Plaintiffs Leonard and Loretha J. Armstrong filed suit against the Knauf Defendants seeking, among other things, damages related to allegedly defective

drywall the Knauf Defendants manufactured and placed into the stream of commerce, which was later installed in thousands of homes; numerous homeowners and home builders sued. Previously, the cases were part of an extended Multidistrict Litigation proceeding ("MDL") which has since been largely resolved, and the individual cases have been transferred to the districts where the drywall was installed.[1]

The Knauf Defendants seek summary judgment on the Armstrongs' individual claims, arguing that the four-year statute of limitations bars these claims. Because the Court finds that the Armstrongs were aware of issues with the drywall in their home more than four years prior to bringing a claim, their suit is barred. None of the potential exceptions to straight-forward application of the Statute apply.

Accordingly, it is respectfully **RECOMMENDED** that the motion for summary judgment be **GRANTED.**

Defendants also make a cursory argument that Plaintiffs' one element of claims is barred because the Armstrongs were renovating a bedroom independently of the drywall problems. This argument is not suited to resolution on a motion for summary judgment as it involves issues of fact, motivation and causation. Accordingly, it is **RECOMMENDED** that the motion be **DENIED** in this respect.

---

[1] A full background describing the pending drywall litigation in this District is set forth in the Report and Recommendation (being filed herewith) relating to the motion for partial summary judgment that was filed in all of the Middle District of Florida cases.

## I.      BACKGROUND OF THIS CASE

The Armstrong Plaintiffs own a house at 121 11th Avenue East in Bradenton, Florida that they purchased in 2005. *Id*. Doc. 46-3, Supp. Plaintiffs Profile Form, at 2. They allege that the home contains defective drywall[2] which was installed in the property in 2006, when the house was constructed. *Id.* at 3. The Armstrongs noticed a strange odor and had health problems a little while after they moved into the house in 2006. Doc. 46-1, Depo. of Leonard Armstrong, at 33. They filed suit against the Knauf Defendants in March 2018. Defendants thus argue the suit is barred by Florida's four-year statute of limitations.

## II. STANDARD

"A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

---

[2] Plaintiffs contends that Defendants' drywall products containing the ink stamp, "KNAUF-TIANJIN CHINA ASTM C36" and are defective, because the off-gas noxious and corrosive chemicals such as hydrogen sulfide and carbon disulfide.

For issues the movant must prove, the "movant must affirmatively show the absence of a genuine issue of material fact, and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party on all of the essential elements of its case." *Landolfi v. City of Melbourne, Fla*., 515 F. App'x 832, 834 (11th Cir. 2013) (citation omitted). But for issues the non-movant bears the burden, the movant has two options: (1) point out a lack of evidence to support the nonmoving party's case; or (2) provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cntys*., 941 F.2d 1428, 1437-38 (11th Cir. 1991) (citation omitted). "The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted).

At the summary judgment stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). It may not undertake credibility determinations or weigh the evidence when reviewing the record. *See Latimer v. Roaring Toyz, Inc*., 601 F.3d 1224, 1237 (11th Cir. 2010). What's more, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

# III. ANALYSIS

## I. Statute of Limitations

Under Florida law, claims for negligence, property defects, unjust enrichment, breach of warranty, and violation of Florida's Unfair Trade Practices Act are all subject to a four-year statute of limitations. § 95.11(3), Fla. Stat.; *see also Dominguez v. Hayward Indus., Inc.,* 201 So. 3d 100, 101 (Fla. 3d DCA 2015). For purposes of the commencement of the running of the statute of limitations, "[a] cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031.

In the case of a latent defect, the time to file a lawsuit is equitably tolled such that the statute of limitations "runs from the time the defect is discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(3)(c). But a plaintiff "need not know the full extent of his injury" to a "legal certainty" for the statute of limitations to commence to run. *Samson v. R.J. Reynolds Tobacco Co.,* No. 96-414, 1997 WL 373475, at *5 (M.D. Fla. June 2, 1997). And while equitable tolling may also exist where a plaintiff is "mislead or lulled into inaction" in some extraordinary way by a defendant, the statute of limitations will not be equitably tolled where a plaintiff cannot show what any defendant "said or did which prevented" the plaintiff from acting on their injury. *Hummer v. Adams Homes of Nw. Fla., Inc.,* No. 8:13-CV1981-T-17AEP, 2014 WL 897083, at *3 (M.D. Fla. Mar. 6, 2014).

Here, "a little while after [they] moved in" to the home in 2006, the Armstrongs began smelling a strange odor and began experiencing health problems akin to allergies, such as coughing, "off and on since [they] probably been [sic] in the home." Doc. 46-1 at 32–33. The Armstrongs further noticed blackening and corrosion on appliances "the moment [they] was [sic] in [the home]"—it was "on the air conditioner and [they] had it on the coils" and their "appliances was [sic] acting up." *Id.* at 33–34. But the Armstrongs did nothing to investigate these issues and did not file suit until March 6, 2018, more than four years after noticing these issues. The Armstrongs were on notice of a potential invasion of their legal rights more than four years before filing suit, and their claims are therefore barred by the statute of limitations.

Plaintiffs' response is generic with respect to the six cases where the statute of limitations has been raised. Plaintiffs acknowledges that the four-year limitation applies to the claims in suit and does not dispute Defendants' factual recitation. Plaintiffs do, however, assert that Defendants are "estopped" from raising the limitations defense based on a failure to provide post-sale notice or warnings. This issue arose during the MDL proceedings and was squarely addressed by the presiding District Judge. *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, Civil Action MDL 2047, No. 14-2722, 2020 WL 2488240, at *10 (E.D. La. 2020):

> Plaintiffs collectively contend that Defendants should be estopped from arguing that Plaintiffs were on notice of the defect any earlier than a

formal Chinese drywall inspection because Defendants failed to comply with their post-sale duty to warn. Indeed, Florida law recognizes that in some circumstances, manufacturers have a post-sale duty to warn downstream consumers of defects in their products, even after the goods have left the manufacturer's possession or control. [citations omitted} . . .

This duty is premised on the Restatement (Third) of Torts, which provides that a post-sale duty to warn is triggered when "[a] reasonable person in the seller's position would provide a warning after the time of sale if . . . the seller knows or reasonable should have known that the product poses a substantial risk of harm to persons." Restatement (Third) of Torts, § 10(b)(1).

Even assuming, arguendo, that a post-sale duty to warn does exist, the Restatement (Third) of Torts clarifies that a post-sale duty to warn applies only when "a warning can be effectively communicated to and acted on by those to whom a warning might be provided." Restatement (Third) of Torts § 10(b)(3). In overseeing this MDL, the Court has become intimately familiar with the distribution process that brought Knauf manufactured drywall into this country. Due to the size and geographic scope of the market and the complexity of the distribution network, the Court concludes that it would not have been reasonably possible for Knauf to identify all those to whom a post-sale duty to warn may have been owed.

Judge Fallon's reasoning and his analysis of Florida law as it applies in these cases is sound and persuasive. Estoppel does not serve to avoid the statute of limitations.

Plaintiffs also make reference to the Consumer Products Safety Commission and assert that Defendants failed to report and "fraudulently concealed" the product defects. However, Plaintiffs fails to provide any connection between any violation of the Consumer Product Safety Act and their common law claims in this case. Plaintiffs have not shown that application of Florida's statute of limitations principles are affected by possible federal regulatory matters.

## II.    Failure to Prove Personal Property Damages

In this case, Defendants argue that Plaintiffs are not entitled to recover the cost of replacing the defective drywall because they were undertaking a renovation of their property.

> One element of the Armstrongs' damage claim is damages allegedly incurred related to the renovation of a bedroom during which the allegedly defective drywall was discovered. But that was work that Plaintiffs intended to do and were in fact doing when they allegedly learned of the drywall, and it is therefore not a cost that was incurred because of, or in other words it is not damage that was caused by, the allegedly defective drywall. Therefore, there is no genuine issue of material fact any costs associated with this bedroom renovation are not damages attributable to the Knauf Defendants and are therefore not recoverable.

Doc. 46 at 8. However, Defendants have failed to show, for purposes of summary judgment, that the renovation was not more difficult or costly due to the defective drywall. The excerpt of Plaintiff's deposition appended to the motion simply does not discuss this issue. The motion for summary judgment should be **DENIED** in this regard.

## CONCLUSION

In accordance with the foregoing, it is respectfully recommended that the motion for summary judgment (Doc. 46) be **GRANTED** on statute of limitations grounds and that the Clerk be **DIRECTED** to enter a final judgment dismissing the case and to close the file.

**NOTICE**

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on October 19, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record